**Stephen F. English**, OSB #730843
E-mail: steve.english@bullivant.com
**David A. Ernst**, OSB #851967
E-mail: dave.ernst@bullivant.com
**Scott Brooksby**, OSB #950562
E-mail: scott.brooksby@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants

FILED '07 OCT 4 14:35 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| DAVID DOE, an individual proceeding under a pseudonym,<br><br>    Plaintiff,<br><br>  v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in the State of Oregon,<br><br>    Defendants. | Civil No.: CV '07 1 47 7 PK<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Multnomah County Circuit Court Case No. 0709-11005 |

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1441 and 1446, defendants

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION**
**Page 1**

Fee# 17754

Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("Defendants") hereby remove to this Court the state court action described below:

1.      On September 26, 2007, Plaintiff filed an action in the Circuit Court of the State of Oregon for the County of Multnomah, styled and captioned exactly as above, as Case No. 0709-11005. The Complaint was delivered to counsel for Defendants that same day. Defendants have not yet been served with the Complaint.

2.      This suit is a civil action of which this Court has jurisdiction under 28 USC §§ 1331, 1332 and thus is one which may be removed to this Court by Defendants pursuant to the provisions of 28 USC § 1441.

3.      This Court has jurisdiction over this action pursuant to 28 USC § 1332 because this is a civil action wherein (1) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as alleged in the Complaint at paragraphs 11, 12, and in the Prayer (seeking over $5 million in compensatory damages); and (2) complete diversity of citizenship exists under the laws and principles governing diversity jurisdiction and the proper joinder of parties.

4.      This Court also has jurisdiction over this action pursuant to 28 USC § 1331 because plaintiff's right to relief under at least some of his state-law claims "requires resolution of a substantial question of federal law." *City of Chicago v. International College of Surgeons*, 522 US 156 (1997).

5.      Defendants are, and at all times have been, religious corporations sole incorporated under the laws of the State of Utah and having their principal place of operation in the State of Utah, and, accordingly, are citizens of the State of Utah.

6.      Plaintiff has failed to plead jurisdictional facts in his Complaint. However, Plaintiff is domiciled in and is a citizen of the State of Oregon.

7.      Fewer than 30 days have elapsed since this action was filed in state court or

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

NOTICE OF REMOVAL OF CIVIL ACTION
Page 2

since Defendants were provided with a copy of Plaintiff's Complaint. 28 USC § 1446(b).

WHEREFORE, Defendants give notice that this action, now pending in the Circuit Court of the State of Oregon for the County of Multnomah as Case No. 0709-11005, is hereby removed from that court to this Court.

DATED this 4th day of October, 2007.

BULLIVANT HOUSER BAILEY PC

BY _____

**Stephen F. English**
OSB #730843
**David A. Ernst**
OSB #851967
**Scott Brooksby**
OSB #950562
Telephone: 503.228.6351
Attorneys for Defendants

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION**
**Page 3**

COPY
—Opposing Counsel—

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR MULTNOMAH COUNTY

6   DAVID DOE, an individual proceeding under    )    Case No.  **0709-11005**
    a pseudonym,                                 )
7                                                )
                         Plaintiff,              )    COMPLAINT
8                                                )
           v.                                    )    (Sexual Abuse of a Child/*Respondeat*
9                                                )    *Superior*; Intentional Infliction of
    CORPORATION OF THE PRESIDING                 )    Emotional Distress, Negligence)
10  BISHOP OF THE CHURCH OF JESUS                )
    CHRIST OF LATTER-DAY SAINTS, a               )
11  foreign corporation sole registered to do    )
    business in the State of Oregon; and         )
12  CORPORATION OF THE PRESIDENT OF              )
    THE CHURCH OF JESUS CHRIST OF                )
13  LATTER-DAY SAINTS AND                        )    **JURY TRIAL DEMANDED**
    SUCCESSORS, a foreign corporation sole       )
14  registered to do business in the State of    )    Not Subject to Mandatory Arbitration
    Oregon.                                      )
15                                               )
                         Defendants.             )
16

17         Plaintiff alleges:

18                              (Common Allegations)

19                                     1.

20         Plaintiff David Doe is an adult male born in the year 1964 who, at all times relevant to

21  this complaint, was an unemancipated minor child who attended religious services and received

22  spiritual instruction and direction from Defendants or agents of the Defendants.

23                                     2.

24         At all times relevant to this complaint, the Corporation of the President of the Church of

25  Jesus Christ of Latter-day Saints and Successors, was a foreign religious corporation sole of the

26  Church of Jesus Christ of Latter Day Saints operating in Oregon.  At all times relevant to this

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1     complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day

2     Saints, was a foreign religious corporation sole of the LDS Church operating in Oregon. The

3     Corporation of the President and Corporation of the Presiding Bishop will be referred to

4     collectively hereinafter as "LDS Defendants." As part of the LDS Church's religious mission, it

5     authorized and selected missionaries to educate and minister to LDS families, including their

6     children, in the congregation known as the "Estacada Ward." As part of its ministry, the

7     Estacada Ward–an agent of LDS Defendants—received and trained missionaries and appointed

8     them to educate and minister to LDS families.

9                                  3.

10       At all times relevant to the allegations in this complaint, Kevin Nelson (hereinafter

11     "Nelson") was a Missionary selected by LDS Defendants to educate and minister to to LDS

12     families.

13

14                       **FIRST CLAIM FOR RELIEF**
                             Against All Defendants

15                   (Sexual Abuse of a Child/*Respondeat Superior*)

16                                  4.

17       Plaintiff realleges and incorporates by reference paragraphs 1 through 3, above.

18                                  5.

19       LDS Defendants empowered Nelson to perform all duties of a Missionary, and of a

20     Special Mentor, including befriending and counseling Plaintiff and providing spiritual and moral

21     guidance, religious instruction, and other duties of a Missionary and Special Mentor. LDS

22     Defendants knew that as part of his duties as a Missionary and Special Mentor, Nelson would be

23     in a position of trust and confidence with LDS members and their children, including the Plaintiff

24     in this case.

25     //

26     //

Page 2        COMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

6.

While he was working in the Estacada Ward, and for the purpose of furthering his assigned duties as a Missionary and Special Mentor, LDS Defendants specifically assigned Nelson as a Special Mentor to Plaintiff in response to indications that Plaintiff's family was having difficulties in the home. Nelson befriended the Plaintiff, who was then approximately 12 years old. Nelson gained the family's trust and confidence as an educational and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to spend substantial periods of time alone with the Plaintiff; and sought and gained the instruction of Plaintiff's parents to Plaintiff that he was to have respect for Nelson's authority and to comply with Nelson's instruction and requests.

7.

For the purpose of furthering his duties as a Missionary and Special Mentor, Nelson also sought and gained the trust, friendship, admiration and obedience of the Plaintiff in this case. As a result, Plaintiff was conditioned to trust Nelson, to comply with Nelson's direction, and to respect Nelson as a person of authority in spiritual, moral and ethical matters. The above course of conduct described in this paragraph and in paragraph 6, above, is hereinafter collectively referred to as "Grooming."

8.

Nelson, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Special Mentor and Missionary for the LDS Defendants—through the Grooming process—induced and directed Plaintiff to engage in various sexual acts with Nelson. These acts constituted a harmful or offensive touching of Plaintiff.

9.

Specifically, Nelson sexually abused and molested Plaintiff on at least four separate occasions during the course of at least one year, while Nelson was serving the Defendants. This

////

Page 3       COMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  sexual abuse and molestation included coercing the Plaintiff to engage in mutual oral sex with

2  Nelson.

3                                                              10.

4        Nelson used the Grooming process to accomplish his acts of sexual molestation of the

5  Plaintiff.  Nelson's Grooming (1) was committed in direct connection with, and for the purposes

6  of, fulfilling Nelson's employment and agency with the Defendants; (2) was committed within

7  the time and space limits of his agency as Missionary and Special Mentor; (3) was done initially

8  and at least in part from a desire to serve the interests of Defendants; (4) was done directly in the

9  performance of his duties as Missionary and Special Mentor; (5) generally included actions of the

10  kind and nature that Nelson was required to perform as a Missionary and Special Mentor; and (6)

11  was done at the direction of, and pursuant to, the power vested in him by the Defendants.

12                                                            11.

13        As a result of Nelson's sexual abuse, molestation, and breach of authority, trust and

14  position as Special Mentor, Missionary and authority figure to the Plaintiff, Plaintiff has suffered

15  and continues to suffer severe debilitating physical, mental, and emotional injury, including pain

16  and suffering, physical and emotional trauma, and permanent psychological damage, all to his

17  non-economic damages in the amount of $5,000,000.00.

18                                                            12.

19        As an additional result and consequence of Nelson's sexual abuse, molestation, breach of

20  authority, trust and position as Special Mentor, Missionary and authority figure to the Plaintiff,

21  Plaintiff has incurred and/or will incur in the future, costs for counseling, psychiatric and

22  psychological medical treatment all to his economic damages in the approximate amount of

23  $100,000.00, the exact amount of which will be proven at the time of trial.

24                                                            13.

25        In or about February of 2007, Plaintiff discovered the causal connection between his

26  abuse set forth in paragraph 8 and 9 above, and the injuries suffered in paragraphs 11 and 12

Page 4      COMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1    above.  Prior to February 2007, Plaintiff did not discover, and could not reasonably have

2    discovered the causal connection between the abuse and the damages he suffered as a result of

3    the abuse.

4                        **SECOND CLAIM FOR RELIEF**
                            Against All Defendants
5         *Intentional Infliction of Emotional Distress/Respondeat Superior Liability*

6                                    14.

7         Plaintiff realleges and incorporates by reference paragraphs 1 through 13, above.

8                                    15.

9         Nelson knowingly and intentionally caused severe emotional distress to Plaintiff when he

10   touched his genitals and made other sexual contact with Plaintiff.  Plaintiff did in fact suffer

11   severe emotional distress as a result of this sexual contact, and the sexual touching of a minor by

12   a trusted authority figure is beyond the bounds of all socially tolerable conduct.

13                                   16.

14        Nelson used the Grooming process, described in paragraphs 6 and 7, above, to

15   accomplish his intentional infliction of emotional distress against Plaintiff.

16                                   17.

17        Nelson's Grooming (1) was committed in direct connection with, and for the purposes of,

18   fulfilling Nelson's employment and agency with the Defendants; (2) was committed within the

19   time and space limits of his agency as Missionary and Special Mentor; (3) was done initially and

20   at least in part from a desire to serve the interests of Defendants; (4)  was done directly in the

21   performance of his duties as Missionary and Special Mentor; (5) generally included actions of the

22   kind and nature that Nelson was required to perform as a Missionary and Special Mentor; and (6)

23   was done at the direction of, and pursuant to, the power vested in him by the LDS Defendants.

24

25

26

Page 5      COMMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

18.

As a result of Nelson's intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer damages as set out in paragraphs 11 and 12, above.

### THIRD CLAIM FOR RELIEF
By Plaintiff Against the LDS Defendants
(*Negligence*)

19.

Plaintiff realleges and incorporates by reference paragraphs 1 through 18, above.

20.

LDS Defendants created a special relationship with Plaintiff by inviting and encouraging him to participate in religious and other activities within the Church, to perform services within the Church, and to associate with Nelson and other Church leaders.

21.

LDS Defendants became aware of Nelson's improper sexual activities with young males through a report to them by Plaintiff of such behavior in approximately 1977. Defendants failed to investigate, reprimand, or remove Nelson from his position as Special Mentor and Missionary or from contact with young boys. Additionally, Defendants failed to offer Plaintiff support, guidance or counseling for his abuse, then or thereafter. Defendants, by failing to offer such counseling, negligently caused Plaintiff years of unnecessary suffering that would have been alleviated by proper treatment.

22.

LDS Defendants were thus negligent to Plaintiff for the abuse of Nelson, in one or more of the following particulars:

a.    Defendants failed to interview potential past victims of Nelson after they became aware of the Missionary and Special Mentor's deviant sexual interest in young boys, or to offer them support, guidance or counseling, then or thereafter;

Page 6        COMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1        b.      Defendants allowed Nelson to supervise adolescent and teenage boys after they

2  knew of his propensity to use his position as a Special Mentor and Missionary to engage in acts

3  of sexual abuse;

4        c.      Defendants, after receiving complaints about Nelson using the position of Special

5  Mentor and Missionary to engage in sexual abuse, failed to report the abuse to law enforcement;

6        d.      Defendants failed to notify the parents and church members of the Estacada Ward

7  after they knew of Nelson's propensities to use his position as a Missionary and Special Mentor

8  to engage in acts of sexual abuse; and

9        e.      Defendants failed to revoke the authority of Nelson as Missionary and Special

10  Mentor, employee, and agent of the LDS Defendants.

11                                       23.

12        As a direct and proximate result of Defendants' negligence described in paragraphs 22(a),

13  (b), (c), (d), and (e), Plaintiff suffered damages as alleged in paragraphs 11 and 12, above.

14

15        **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

16  follows:

17        1.      On Plaintiff's First Claim for Relief, non-economic damages for Plaintiff in the

18  amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

19        2.      On Plaintiff's First Claim for Relief, economic damages for Plaintiff in the

20  amount of $100,000.00, the exact amount to be determined by the jury at the time of trial;

21        3.      On Plaintiff's Second Claim for Relief, non-economic damages for Plaintiff in the

22  amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

23        4.      On Plaintiff's Second Claim for Relief, economic damages for Plaintiff in the

24  amount of $100,000.00, the exact amount to be determined by the jury at the time of trial;

25        5.      On Plaintiff's Third Claim for Relief, non-economic damages for Plaintiff in the

26  amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

Page 7     COMPLAINT

O'DONNELL & CLARK LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2007, I served a true copy of the foregoing

**NOTICE OF REMOVAL OF CIVIL ACTION** on the attorney for plaintiff by the method

indicated below on said day.

Kelly Clark                                             **HAND DELIVERED**
1650 NW Naito Parkway, Ste. 302
Portland, OR  97209

Attorneys for Plaintiff


David A. Ernst

Attorneys for Defendants

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**CERTIFICATE OF SERVICE**
**Page 1**